## Commonwealth v. Miller

*Donald Smith, assistant counsel,* for the Commonwealth.

*Richard Miller,* for defendant.

QUIGLEY, *P.J.,* January 29, 1991—

### MEMORANDUM

This case is before this court on appeal from license suspension. On September 23, 1989, Richard Miller was charged with violations of §3714, reckless driving, and §1543, driving while operating privilege is suspended or revoked. On August 17, 1990, Miller was informed that his license was restored and he could drive again. On September 17, 1991, Miller was notified that his suspension for the citation on September 23, 1989, would become effective on October 22, 1991, and last for one year. Since the accident, Miller has remarried and has become a full-time student at Har-

risburg Area Community College and will be transferring to Penn State to study engineering next year. Miller claims his life has undergone much change in 24 months and therefore PennDOT should not be allowed to now suspend his license as he has relied upon his license to get on with his life and make positive changes.

The 24-month delay entitled Miller to prevail under the circumstances of this case. In *Commonwealth v. Schmick*, 56 D.&C.2d 719 (1972), the court noted that a 27-month delay, in which time the person married, had a child, and gotten and kept a job, was unreasonable and an abuse of discretion. In the present case, Miller has remarried and is now going to college for engineering and hopes to transfer to Penn State next year. He has shown that he is serious and dedicated about his education and putting this unfortunate accident behind him. Though PennDOT may claim 24 months is not an unreasonable time, this court disagrees, especially when they renewed Miller's license in August of 1991 for four years. *Commonwealth v. Carey*, 27 D.&C.3d 367, 370 (1983). Miller justifiably relied on his license to resume his activities and his life.

For the foregoing reasons, Richard Miller's petition for reinstatement of his driving privileges is sustained.